DAVID C. SCHEPER (SBN: 120174)
dscheper@winston.com
JEFFREY L. STEINFELD (SBN: 294848)
jlsteinfeld@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
PAUL O. PARADIS

# UNITED STATES DISTRICT COURT

# CALIFORNIA CENTRAL DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL O. PARADIS,<br><br>Defendant. | Case No. 2:21-cr-00540-SB<br><br>Hon. Stanley Blumenfeld, Jr.<br>Courtroom 6C<br><br>**Partially Under Seal**<br>**PUBLIC -Redacted Version**<br><br>**DEFENDANT PAUL O. PARADIS' OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION**<br><br>Action Filed: November 29, 2021<br>PSR Filed: June 7, 2022<br>Original Hearing Date: July 19, 2022<br>Objection Originally Served: June 21, 2022<br><br>Current Hearing Date: June 27, 2023<br>Hearing Time: 8:00 a.m. |

## **OBJECTIONS TO THE PRESENTENCE REPORT**

Paul O. Paradis hereby submits the following Objections to the Disclosed Recommendation Letter ("DRL") dated June 7, 2022 (Dkt. 25), and the Presentence Investigation Report ("PIR" and collectively with the DRL, the "PSR") dated June 7, 2022 (Dkt. 26), pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure and Local Rule 32-3.2. Mr. Paradis respectfully requests that United States Probation & Pretrial Services Office revise the PSR in accordance with the objections, variances, and departures detailed herein.

Mr. Paradis objects to the PSR in that it fails to account for a number of offense-level departures under the United States Sentencing Guidelines (the "USSG" or "Guidelines") and variance factors under 18 U.S.C § 3553(a). Accordingly, the PSR calculated an overstated offense level and sentence recommendation, to which Mr. Paradis objects.[1] Other than a three-level downward departure for acceptance of responsibility under USSG § 3E1.1(a)(b), which was agreed to in Mr. Paradis' plea agreement, the PSR does not provide for any other downward departure or variance. (*See* PIR at 4, 17-19, 27 ("the Probation Officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range"); DLR at 4.)

Specifically, the PSR should incorporate the following downward departures and/or variances, which are discussed in turn:

- Physical Condition (USSG § 5H1.4, 18, *United States. v. Booker*, 543 U.S. 220 (2005) ("*Booker*"), and 18 U.S.C § 3553(a));
- Mental & Emotional Health (USSG § 5H1.3 & *Booker*); and
- Other Mitigating Factors (18 U.S.C. § 3553(a)).[2]

---

[1] Mr. Paradis recognizes that the PSR does not take into account any "substantial assistance" or "cooperation" credit under USSG § 5K1.1 or otherwise. Mr. Paradis understands that such departures and variances will be detailed in the parties' sentencing memoranda.

[2] Mr. Paradis expressly reserves the right to argue for additional departures and

In addition, Mr. Paradis objects to the PSR in that it fails to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Specifically, and as detailed in each of the sections herein, the PSR fails to provide Mr. Paradis with downward variances given to the defendants in the related cases of *United States v. David H. Wright*, Case No. 2:21-cr-00559-SB (C.D. Cal.) and *United States v. David F. Alexander*, Case No. 2:21-cr-00572-SB (C.D. Cal.). The PSR also improperly did not account for the disparity in the overall sentence given to those defendants compared to the recommended sentence for Mr. Paradis.

### 1. Physical Condition (USSG § 5H1.4, *Booker* and 18 U.S.C § 3553(a))

The PSR should reflect a downward departure under USSG § 5H1.4 & *Booker* of approximately eight levels based on Mr. Paradis' physical condition/health. Section 5H1.4 of the Guidelines provide that "[p]hysical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." USSG § 5H1.4. In addition, an "extraordinary physical impairment" may be a further "reason to depart downward" and "home detention may be as efficient as, and less costly than, imprisonment." *Id.* The Guidelines further provide that "a downward departure may" also "be appropriate to accomplish a specific treatment purpose." *Id.*

Mr. Paradis suffers from numerous serious physical health conditions, any of which would individually qualify for a significant departure under Section 5H1.4,

---

variances in his sentencing memorandum, including but not limited to departures under USSG § 5K1.1 for "substantial assistance," other cooperation variances, and under USSG § 5K2.16 for "voluntarily disclos[ing]" and "accepting responsibility for" offenses "prior to the discovery of such offense." *See* USSG § 5K2.16. As noted above, Mr. Paradis understands that these departures are not factors the PSR takes into consideration and are properly the subject of the parties' sentencing memoranda.

1 ███████████████████████████████████,³ ████████████
2 █████████████████████████████████████████████████
3 █████████████████████████████████████████████████
4 █████████████████████████████████████████████████
5 █████████████████████████████████████████████████
6 █████████████████████████████████████████████████
7 █████████████████████████████████████████████████
8 █████████████████████████████████████████████████
9 ████████████████████████████████████████████
10 █████████████████████████████████████████████████
11 █████████████████████████████████████████████████
12      ████████████████████████████████████████████
13 █████████████████████████████████████████████████
14 █████████████████████████████████████████████████
15 ██████████████████████████████████████████
16 █████████████████████████████████████████████████
17 █████████████████████████████████████████████████
18 █████████████████████████████████████████████████
19 █████████████████████████████████████████████████
20 █████████████████████████████████████████████████
21 ████████████████████████████████████████
22 █████████████████████████████████████████████████
23     ███████████████████████████████████████████
24 ██████████████████████████████████████████████
25 ██████████████████████████████████████████████
26 █████████████████████████████████████████████████

---
³ The PSR identifies ████████████████████████████████████████
████████████████████████████████████

1 ██████████████████████████████████████████████
2 ████████████████████████████████████████
3     ████████████████████████████████████████
4 ██████████████████████████████████████████████
5 ██████████████████████████████████████████████
6 ████████████████████████████████████████
7 ██████████████████████████████████
8    ████  ████████████████████████████████████
9 ██████████████████████████████████████████████.
10    ██████████████████████████████████████████████
11 ██████████████████████████████████████████████
12 ████████████████████████████████████████████
13 ████████████████████████████████████████████
14 ██████████████████████████████████████████████
15 ██████████████████████████████████████████████
16 ██████████████████████████████████████████████
17 ██████████████████████████████████████████████
18 ██████████████████████████████████████████████
19 ████████████████████████[5]

Moreover, a substantial downward departure based on Mr. Paradis' physical condition is also consistent with prior recommendations and sentences in this District. *See* 18 U.S.C. § 3553(a)(6) (the court should consider "the need to avoid unwarranted

---

[4] ████████████████████████████████████████████
████████████████████████

[5] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

1  sentence disparities among defendants with similar records who have been found
2  guilty of similar conduct.")
3       For example, in *United States v. DeCinces*, Case No. sa-cr-12-269(b)-AG (C.D.
4  Cal.), the defendant was convicted by a jury of 14 counts of securities fraud, but like
5  Mr. Paradis, had no criminal history. The defendant suffered from back problems and
6  had undergone back surgery. Based predominately on the defendant's physical
7  condition, "the PSR applied a ***seven-level*** *Booker* variance" because, *inter alia*, "the
8  defendant … is 68 years old and suffers from several serious medical disorders[.]"[6]
9  *DeCinces*, Case No. sa-cr-12-269(b)-AG, Dkt. 965 at 4 fn. 2 (Aug. 1, 2019). Mr.
10 Paradis' physical condition is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, the PSR should apply a similar *Booker*
12 variance and/or downward departure under Section 5H1.4 based on Mr. Paradis'
13 physical condition.
14      Finally, Sections 3553(a)(1) and (2) provide that in fashioning a sentence,
15 courts consider the "characteristics of the defendant" and the need to "provide the
16 defendant with needed … medical care . . . ." 18 U.S.C. § 3553(a)(2)(D); *see United*
17 *States v. Garcia-Lopez*, 691 F. Supp. 2d 1099, 1105 (C.D. Cal. 2010) (imposing a
18 sentence substantially below Guidelines under *Booker* because, among other factors,
19 defendant "suffers from a serious medical condition for which she has had multiple
20 brain surgeries and lengthy hospital stays"). It is also noteworthy that ▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, for each of the foregoing reasons, the PSR
24 failed to correctly provide downward departures and/or variances based on Mr.

---

[6] The PSR's seven-level departure recommendation was also based on the defendant, like Mr. Paradis, having had "no prior criminal contacts," "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and "having been a contributing member of so▮▮▮ college degree and being employed for over 40 years[.]" (▮▮▮) ▮▮▮▮▮▮▮▮ Mr. Paradis' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 Paradis' physical condition.

2 **2. Mental & Emotional Health (USSG § 5H1.3 & *Booker*)**

3 The PSR should reflect a downward departure under USSG § 5H1.3 & *Booker* of
4 approximately six levels based on Mr. Paradis' ███████████████ conditions.
5 Section 5H1.3 of the Guidelines provide that "mental and emotional conditions may
6 be relevant in determining whether a departure is warranted, if such conditions,
7 individually or in combination with other offender characteristics, are present to an
8 unusual degree and distinguish the case from the typical cases covered by the
9 guidelines." USSG § 5H1.3. As with the physical health departure, the Guidelines
10 provide that additional departures "may be appropriate to accomplish a specific
11 treatment purpose" and "[m]ental and emotion conditions may be relevant in
12 determining the conditions of probation or supervised release." *Id.*

13 The PSR details that Mr. Paradis ███████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ██████████████████████████████████████
17 ████████████████████████████████████████
18 ██████████████████████████████████████
19 █████████████████████████████████████
20 ████████████████████████

21 The PSR also identifies Mr. Paradis' ████████████████████
22 ████████████████████████████████████████
23 ██████████████████████████████████████
24 ██████████████████████████████████████
25 ████████████████████████████████████████
26 █████████████████████████████████████
27 ████████████████████████████████████████
28 ████████████████████████████████████████

1 ███████████████████████████████████████████
2 ███████████████████████████████████████████
3 ███████████████████████████████████████████
4 ██████████████████████████████████████
5 ███████████████████████████████████████████
6 ██████ [7]
7    Mr. Paradis' mental and emotional conditions check each of the independent
8 grounds for departure in Section 5H1.3. █████████████████████████████
9 ██████████████████████████████████████
10 ███████████████████████████████████████████
11 ███████████████████████████████████████████
12 ███████████████████████████████
13    ██████████████████████████████████████
14 ████████████████████████████
15 ██████████████████████████████████████
16 ██████████████████████████████████████
17 ███████████████████████████████████████████
18 ██████████████████████████████████████
19 ███████████████████████████████████████████
20 ████████████████████.
21    Moreover, a substantial downward departure based on Mr. Paradis' ██████ and
22 ██████████ condition is also consistent with prior recommendations and sentences in
23 related cases and in this District in general. *See* 18 U.S.C. § 3553(a)(6) (the court
24 should consider "the need to avoid unwarranted sentence disparities among defendants

---

[7] The PSR describes further █████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

with similar records who have been found guilty of similar conduct.")

To date, there have been two related cases in which sentencing has occurred: (1) *United States v. David H. Wright*, Case No. 2:21-cr-00559-SB (C.D. Cal.); and (2) *United States v. David F. Alexander*, Case No. 2:21-cr-00572-SB (C.D. Cal.). **In both cases, the presentencing report recommended a downward departure based on, inter alia,** ***the defendant's mental and emotional conditions***, **and in both cases the Court followed the recommendation**.

In *United States v. Wright*, the defendant had the same total offense level as Mr. Paradis (36 – 3 for acceptance of responsibility = 33), but the presentencing report recommended a "***substantial downward variance***" representing a "***six level downward variance*** from the defendant's applicable guideline range," based on, *inter alia*, the defendant's "***medical and emotional issues***." *See United States v. David H. Wright*, Case No. 2:21-cr-00559-SB, Dkt. 38 at 10-11, n.4. (April 12, 2022). The mental health issues described in the defendant's sentencing memorandum were "the stress of his job, the loneliness of living alone in Los Angeles . . . a resurgence of emotional issues that were never properly dealt with in his youth, and grief over his father's death." *Id.* Dkt. 39 at 11 (April 12, 2022). ███████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████

Likewise, in *United States v. David F. Alexander*, the presentencing report contained a "***four-level variance*** from the guideline range" based on the defendant's "abusive childhood during his formative years" and his "people pleaser mentality." *United States v. David F. Alexander*, Case No. 2:21-cr-00572-SB, Dkt. 29 at 17 (May

24, 2022).[8] As described in the PSR, ████████████████████████████████████████████████████████████████████████████. Accordingly, the PSR should apply a downward departure at least as great as the variance given to Mr. Wright and Mr. Alexander under Section 5H1.3 based on Mr. Paradis' mental and emotional health.[9]

Finally, Sections 3553(a)(1) and (2) provide that in fashioning a sentence, courts consider the "characteristics of the defendant" and the need to "provide the defendant with needed . . . medical care . . . ." 18 U.S.C. § 3553(a)(2)(D); *see Garcia-Lopez*, 691 F. Supp. 2d at 1105. Accordingly, for each of the foregoing reasons, the PSR failed to correctly provide downward departures and/or variances based on Mr. Paradis' mental and emotional health.

### 3. Other Mitigating Factors (18 U.S.C. § 3553(a))

In addition to Mr. Paradis' ████████████████████ conditions, the PSR should give additional downward variances of at least four levels based on numerous other mitigating factors under 18 U.S.C. § 3553(a) that have been applied in the related cases of *Wright* and *Alexander* and throughout the District.

#### a. Educational and Employment History and Lack of Prior Law Enforcement Contacts

Specifically, the PSR should give Mr. Paradis a substantial downward variance based on his "***educational and employment history***" and "***lack of prior law enforcement contacts***" as the PSR in *Wright* and *Alexander* did for each of those defendants. *See* 18 U.S.C. § 3553(a)(6) (the court should consider "the need to avoid

---

[8] Other factors in the recommended variance were the defendant's "educational and employment history," (*id.*), both of which apply with as much, if not greater, force to Mr. Paradis because Mr. Paradis has obtained numerous degrees and remained employed for his entire life.

[9] These downward departures based on the defendant's mental and emotional health are consistent with prior recommendations and sentences in this District as well. In *DeCinces*, the defendant, ████████████████████████████████████████████ e which the PSR took into a No. sa-cr-12-269(b)-AG, Dkt. 965 at 4 fn. 2 (Aug. 1, 2019).

1  unwarranted sentence disparities among defendants with similar records who have
2  been found guilty of similar conduct").
3      Mr. Paradis' "educational and employment history" is at least as great, if not
4  greater, than the defendants in *Wright* and *Alexander*. The PSR details Mr. Paradis'
5  extensive educational history including obtaining a "Bachelor of Science from Bentley
6  College in Waltham, Massachusetts in 1986, a Juris Doctor from New York Law
7  School in New York, New York in 1990," and that he is "studying to get a master's
8  degree in cybertechnology from the University of Maryland in Adelphi, Maryland
9  where he has three courses left to complete the degree."[10] (PIR at 22-23.)
10     Likewise, the PSR details Mr. Paradis' fulsome employment record and
11 professional achievements, including founding his own law firm, and previously
12 serving as "one of three co-lead counsels in the Enron case" in which Mr. Paradis
13 helped "secure[] a $2.4 billion settlement" for defrauded plaintiffs. (PIR at 23.) The
14 PSR notes that Mr. Paradis' work on the Enron matter is confirmed by
15 "Casetext.com," which "lists Paradis as an attorney in In re Enron Corp. Securities,
16 No. MDL-1446, Civ.A.No. H-01-3624." The PSR also notes that even after Mr.
17 Paradis' wrongful conduct was publicized, Mr. Paradis obtained gainful employment,
18 ███████████████████████████████████████████
19 ███████████████████████████, which the PSR notes was confirmed by the

---

[10] The PSR confirms that the "New York Unified Court System records indicate that Paradis attended New York Law School." (PIR at 23.) The PSR notes that "[r]equests for written verification were sent to New York Law School and the University of Maryland[;] however, no responses were received." (*Id.*) Mr. Paradis can and will provide verification of his law degree and enrollment at the University of Maryland if requested.

[11] The PSR notes that ███████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
█████████████████████

HR Administrative Compliance Coordinator.[12]

As to law enforcement contacts, Mr. Paradis, like Messrs. Wright and Alexander, has a "criminal history score of zero." (PIR at 19.) The PSR provides that Mr. Paradis has no prior record of convictions or any "other criminal conduct" including at the county, state, and national level. (*Id.*)

Simply put, Mr. Paradis' lack of criminal history and educational and employment record are as compelling, if not more so, than Messrs. Wright and Alexander's. Accordingly, like the defendants in *Wright* and *Alexander*, the PSR should contain a substantial downward variance for Mr. Paradis based on his educational and employment history and lack of law enforcement contacts. *See* 18 U.S.C. § 3553(a)(6).

### b. Truthfulness With Authorities

The PSR should give Mr. Paradis an additional downward departure based on his immediate and extensive acceptance of responsibility and truthfulness with authorities. In *Wright* and *Alexander*, the presentence report provided both defendants with a three-level downward variance based on acceptance of responsibility under U.S.S.G. § 3E1.1. Here, the PSR also provides Mr. Paradis with a three-level variance based on Section 3E1.1 but does not provide an additional variance even though Mr. Paradis' acceptance of responsibility and truthfulness was significantly greater in kind and magnitude than Messrs. Wright's and Alexander's.

---

[12] The PSR correctly notes that ████████████████████████████████████████████████████████████████████████████████████████

Unlike Messrs. Wright and Alexander, in Mr. Paradis' first interaction with law enforcement—which was voluntary—he accepted responsibility for his conduct, told the truth, did not hide any information, and fully cooperated. Messrs. Wright and Alexander, on the other hand, denied any wrongdoing and lied to the government. In Mr. Wright's sworn plea agreement and factual basis, he admits that on June 6, 2019 he "knowingly, willfully, and deliberately made materially false statements to the FBI and the USAO during an interview knowing that these statements and representations were untrue and that his conduct was unlawful." *Wright*, No. 2:21-cr-00559-SB, Dkt. 7 at 17 of Factual Basis (Dec. 6, 2021). Mr. Wright also admitted that between March and June 2019 he "knowingly destroyed records, documents and tangible objects with the intent to impede, obstruct, and influence a federal criminal investigation." (*Id.* at 18.)

Only "[a]fter initially lying to investigators" did Mr. Wright "beg[in] to accept responsibility" and made "largely unproductive efforts at cooperation." *Id.*, Dkt. 38 at 2-3. The government expressly stated that such efforts were ***not*** "substantial assistance" under U.S.S.G. § 5K1.1, but that such efforts should be mitigating factors under Section 3553(a) that warrant a variance of three-levels ***in addition*** to the three-levels given under U.S.S.G. § 3E1.1. Specifically, the government stated that "although it took some time for defendant to come to a place of acceptance," Mr. Wright's "forthrightness in accepting responsibly . . . warrants somewhat more credit than is accounted for in the standard provision of U.S.S.G. § 3E1.1." *Id.* at 22. The Court apparently agreed, as it imposed a sentence below what the government was requesting. There can be no doubt that Mr. Paradis deserves, at a minimum, a similar downward variance of at least three levels based on his unmatched forthrightness in accepting responsibility. Indeed, to deny Mr. Paradis such a variance would

improperly impose an "unwarranted sentence disparit[y]" between Messrs. Paradis and Wright. *See* 18 U.S.C. § 3553(a)(6).

Similarly, Mr. Alexander received a three-level departure under U.S.S.G. § 3E1.1 and an additional three-level departure despite lying to federal authorities numerous times. In Mr. Alexander's sworn plea agreement and factual basis, he admits he "knowingly, willfully, and deliberately" lied to federal authorities in multiple voluntary interviews. *Alexander*, Case No. 2:21-cr-00572-SB, Dkt. 6 at 11-12 of Factual Basis (Dec. 13, 2021). Nevertheless, Mr. Alexander stilled received the Section 3E1.1 variance and the government noted that based on "the need to avoid unwarranted sentencing disparities with similarly situated defendants," e.g., Mr. Wright, Mr. Alexander should also get an additional "three-level variance." *Id.*, Dkt. 29 at 22. The Court apparently agreed, as it imposed a sentence below the government's recommendation.

Simply put, based on Mr. Paradis' immediate and fulsome acceptance of responsibility, and his truthfulness, he should receive an additional downward variance beyond the three levels given under U.S.S.G. § 3E1.1. Based on the additional variances given to Messrs. Wright and Alexander, the PSR should contain an additional departure of no less than three levels. *See* 18 U.S.C. § 3553(a)(6).

### c. Personal Bankruptcy and Financial Hardship

The PSR paints a picture of Mr. Paradis as a man that has been ruined financially. Mr. Paradis has a "net worth" of approximately ***negative*** $4.5 million, ***negative*** monthly cash flows of approximately $15,000, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (PIR at 24-25.)

As detailed in the PSR, Mr. Paradis filed for personal bankruptcy in June 2020, which is still pending in the United States Bankruptcy Court for the District of Arizona. (PIR at 25.) The PSR notes that Proof of Claims filed in the bankruptcy

include "at least $21,900,000 claimed by the City of Los Angeles; $4,817,134.19 claimed by the Department of Treasury – Internal Revenue Service; and $431,768.03 claimed by the California Franchise Tax Board." (*Id.*)

The PSR further notes that Equifax credit bureau confirmed that Mr. Paradis has five accounts with outstanding debt and verified that he filed for bankruptcy on June 3, 2020. (PIR at 25.) The PSR also confirms that "Accurint.com failed to reveal any assets owned by Paradis." (*Id.*)

18 U.S.C. § 3553(a) provides that a sentence should "not [be] greater than necessary," to, *inter alia*, "provide just punishment for the offense," and that the sentence "shall" consider the "characteristics of the defendant." 18 U.S.C. § 3553(a). As described above, Mr. Paradis has already been ruined financially and will spend the rest of his life working to pay off his debts.

In addition, in *Wright*, the PSR gave a substantial downward departure because of the defendant's "lack of success in obtaining the bargained-for benefits of his corrupt agreement." *Wright*, Case No. 2:21-cr-00559-SB, Dkt. 38 at 10-11, n.4. Here, Mr. Paradis' financial ruin reflects an analogous lack of success. Moreover, as the PSR notes, in March 2019, Mr. Paradis "loaned $500,000 to a company called Ardent so they could make pay payroll, however Ardent is currently in bankruptcy." (PIR at 25.) The PSR also omits ████████████████████████████████████████████████████████████████. Accordingly, the PSR should take Mr. Paradis' financial characteristics into consideration and provide a downward variance based thereon.

**4. The Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))**

Mr. Paradis objects to the PSR's sentence recommendation in that it fails to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" as required by 18 U.S.C. § 3553(a)(6). Here, Messrs. Wright and Alexander—defendants in related cases with "similar

records who have been found guilty of similar conduct"—have already been sentenced to terms significantly shorter than the PSR's recommendation for Mr. Paradis.

Specifically, despite having the same offense level as Mr. Paradis and being charged with much of the same conduct, the USPO recommended a sentence of 72 months for Mr. Wright, which the Court imposed. The PSR's recommended sentence of 120 months for Mr. Paradis is **66% higher than Mr. Wright's sentence**. Likewise, the USPO recommended a sentence of 48 months for Mr. Alexander, which the Court imposed. The PSR's recommended sentence for Mr. Paradis is **150% higher than Mr. Alexander's sentence**.

Messrs. Paradis, Wright, and Alexander have similar criminal records (no criminal history) and have pled guilty to similar conduct. Accordingly, pursuant to 18 U.S.C. § 3553(a)(6), the PSR should recommend a sentence for Mr. Paradis that is no greater than the sentences imposed on Messrs. Wright and Alexander.

### 5. Aggravating Factors Are Already Factored Into the Offense Level

As detailed above, the PSR identifies, at a minimum, Mr. Paradis' physical condition and mental/emotional health as "*mitigating factors*" (DRL at 6), but incorrectly fails to account for them in the sentence recommendation. To the extent the PSR was "offsetting" or "netting" the mitigating factors with certain "aggravating factors," the PSR improperly double-counted the aggravating factors, as they are already incorporated into the initial offense level of 36.

For example, as an aggravating factor, the PSR identifies the fact that Mr. Paradis' conduct involved "numerous and repeated" acts. (DLR at 6.) But the multiple wrongful acts are already factored into the offense level. Specifically, the offense level of 36 already incorporates a "two-level increase" under USSG § 2C1.1.(b)(1) because the conduct "involved more than one bribe or extortion." (PIR at 18.) Specifically, the PSR provides that "Paradis received a kickback . . . offered Wright a future position . . . and provided free legal services to secure [a] LADWP

Board Member's vote," and "[b]ased on this, the two-level increase [under Section 2C1.1(b)(2)] applies." (*Id.*) Likewise, the offense level also already incorporates a "16-level increase" under USSG § 2B1.1(b)(1)(I) based on the value of Mr. Paradis' kickback, the future position offered to Wright, and the estimated value of the free legal services. (*Id.*) ***In fact, the PSR acknowledges that the initial offense level "capture[s] the nature of the instant offense including that Paradis acted as a public official, that the offense involved more than one bribe, the value of the bribe[s], and that the offense involved a high-level decision-making position."*** (DRL at 4.)

The only other aggravating factor identified in the PSR is that Mr. Paradis "had the means and abilities to earn an honest living, and instead engaged in the instant offense." (DLR at 6.) However, this "aggravating factor" can be said of nearly every white-collar crime and is already accounted for in the "four-level increase" under USSG § 2C1.1(b)(3) for an offense involving "a high-level decision making or sensitive position." (PIR at 18; DRL at 4.)

Moreover, the means and abilities to earn an honest living has been viewed as a ***mitigating***, ***not aggravating, factor,*** in other cases in this District, including the related cases of Wright and Alexander. As detailed above, Messrs. Wright and Alexander were given ***downward variances*** based on their educational and employment history, despite the fact that both of them had the "means and abilities to earn an honest living," and were in fact earning one, but instead "engaged in [criminal] conduct." Likewise, in *DeCinces*, the PSR viewed the fact that the defendant had "been a contributing member of society by obtaining a college degree and being employed for over 40 years" as a mitigating, not aggravating, factor.

Accordingly, the aggravating factors identified in the PSR should not preclude or in any way diminish the downward variances and mitigating factors that apply to Mr. Paradis.

### 6. Conclusion

Based on the foregoing, Mr. Paradis objects to the PSR and respectfully

requests that United States Probation & Pretrial Services Office revise the PSR in accordance with the variances and departures detailed above. Pursuant to Federal Rule of Criminal Procedure 32(f)(3), Mr. Paradis and his counsel are available to meet with the probation officer to discuss the objections herein.

Dated: June 21, 2022

WINSTON & STRAWN LLP

By: _____
DAVID C. SCHEPER
JEFFREY L. STEINFELD
Attorneys for Defendant
PAUL O. PARADIS

# CERTIFICATE OF SERVICE
**United States District Court for the Central District of California**
*United States of America v. Paul O Paradis*
**Case No. 2:21-cr-00540-SB**

I, Rocio E. Ramirez, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On June 21, 2022, I served the following document(s):

**DEFENDANT PAUL O. PARADIS' OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION**

☒ **MAIL**: by placing a copy(ies) of the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☒ **EMAIL**: by electronically transmitting copy(ies) of the document(s) listed above via email to the addressee(s) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), or Local Rule of Court, or court order.

| | |
|---|---|
| J. Jamari Buxton<br>Susan S. Har<br>US Attorney's Office<br>312 N. Spring Street, 15th Floor<br>Los Angeles, CA 90012-3057<br>Tel: (213) 894-3519<br>Email: jamari.buxton@usdoj.gov<br>susan.har@usdoj.gov | Coleen L. Ghaffari<br>Sentencing Guidelines Specialist<br>United States District Court<br>California Central Probation Office<br>255 East Temple Street, Suite 1410<br>Los Angeles, CA 90012-3332<br>Tel: (213) 894-1394<br>Email: Coleen_Ghaffari@cacp.uscourts.gov |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Signed: *Rocio Ramirez*
Rocio E. Ramirez

Dated: June 21, 2021